THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MAKAYLA MACLIN, ) | |
| ) | Case No. 8:16CV0075 |
| Plaintiff, ) | |
| vs. ) | OPPOSITION TO MOTION TO |
| ) | DISMISS and CERTIFICATE |
| CITY OF OMAHA, NEBRASKA, ) | OF SERVICE |
| ) | |
| Defendant. ) | |

I.  **Plaintiff's State Discrimination Claims are Timely and Appropriate.**

Neb.Rev.Stat. §48-1119(4) provides: "A complainant who has suffered physical, emotional, or financial harm as a result of a violation of section 48-1104 or 48-1114 may, at any stage of the proceedings prior to dismissal, file an action directly in the district court of the county where such alleged violation occurred." Plaintiff filed an administrative charge with the Nebraska Equal Opportunity Commission on September 18, 2015 alleging unlawful discrimination and retaliation. The NEOC allegations mirror the allegations contained within the pending complaints. Plaintiff filed the underlying lawsuit in the District Court of Douglas County, Nebraska on September 30, 2015. The NEOC action is still pending.

Plaintiff's original and first amended complaint alleges violations of § 48-1104 (unlawful employment practice for an employer) and §48-1114 (opposition to unlawful practice; participation in investigation; discrimination prohibited) and further alleges resulting emotional and financial harm. The original and subsequent complaints are timely and appropriate pursuant to Neb. Rev. Stat. § 48-1119(4).

If the Court deems that the first amended complaint is deficient, Plaintiff respectfully requests leave to file a 2nd amended complaint which alleges the specific facts noted herein.

## II.     Plaintiff's 42 U.S.C. § 1983 Claim is Proper

Plaintiff agrees that 42 U.S.C. § 1983 confers no substantive rights upon a person rather it is a procedural vehicle for the prosecution of alleged violations of federal constitutional or statutory rights.  In the instant action, the §1983 claim provides a vehicle by which Plaintiff brings her 42 U.S.C. §1981 against the City.

42 U.S.C. § 1981 provides that "[a]ll persons within the jurisdiction of the United States shall have the same right …. To make and enforce contracts…as is enjoyed by white citizens."  *Amini v. City of Minneapolis*, 643 F.3d 1068, 1074 (8th Cir. 2011).   "Claims under Title VII and §1981 are analyzed under the same standards."  *Id*. at 1074, citing *Lake v. Yellow Transp., Inc*., 596 F.3d 871, 873 n. 2 (8th Cir. 2010).

The proper analysis of a Title VII race claim against a political subdivision is "the burden-shifting analysis set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed2d 668 (1973)."  *Id*. at 1074.  Plaintiff has not named individual actors in the instant action and for that reason there is no need to allege violations of "custom and policy" as §1981 claims are analyzed under *McDonnell Douglas*.

*Monell*, which relates to qualified immunity of individual actors, has no application in the instant action as the complaint is currently pled.  In the event Plaintiff amends her complaint to include alleged liability of individual actors of the City Attorney's office or other City employees in their individual or official capacities, Plaintiff concurs that the pleadings must conform to *Monell*; however, it is unnecessary at this juncture in light of the pleadings.

III.  Retaliation is proper under NFEPA and 42 U.S.C. §1981

Plaintiff requested a right to sue notice in late 2015. Plaintiff has not yet received this document. The DOJ maintains jurisdiction to issue right to sue notices in claims against political subdivisions. Plaintiff will amend her complaint to add the Title VII claims once the right to sue is received. Plaintiff is not attempting to circumvent Title VII; rather, she cannot plead such claims without receipt of the right to sue notice.

The Nebraska Fair Employment Practices Act expressly prohibits retaliation (see §48-1114: opposition to unlawful practice; participation in investigation; discrimination prohibited). Retaliation claims are also permitted under 42 U.S.C. § 1981. *CBOCS West, Inc. v. Humphries,* 553 U.S. 442 (2008). Accordingly, the retaliation claims arising under §1981 and the state law are appropriate and should not be dismissed.

IV.  Retaliatory Hostile Work Environment Claims are Cognizable

In *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 67 (2006), the Court held that retaliation claims under Title VII could be based on a hostile work environment and not be based solely on discrete adverse employment actions that affect the terms or conditions of employment. The Eighth Circuit has stated "the standard to define the concept of a hostile work environment and need not be based solely on discrete adverse employment actions that affect the terms or conditions of employment." *Steward v. Indep. Sch. District No. 196*, 481 F.3d 1034, 1042 (8th Cir., 2007, citing *Burlington N.*, 548 U.S. at 68). Similarly, retaliatory hostile work environment claims are cognizable under 42 U.S.C. §1981 ("Claims under Title VII and §1981 are analyzed under the same standards. 643 F.3d 1068, 1074 citing *Lake v. Yellow Transp., Inc*., 596 F.3d 871, 873 n. 2 (8th Cir. 2010).

Similarly, the following circuits have allowed a cause of action for retaliatory hostile work environment claims: *Gowski v. Peake*, 682 F.3d 1299, 1312 (11th Cir. 2012) (*per*

*curiam*); *Wiley v. Glassman*, 511 F.3d 151 (D.C. Cir. 2007) (*per curiam*); *Michael v. Caterpillar Fin Servs. Corp.*, 496 F.3d 584, 595 (6th Cir. 2007) (citing *Morris v. Oldham County Fiscal Court.*, 201 F.3d 784, 792 (6th Cir., 2000)); *Jensen v. Potter*, 435 F.3d 444 (3rd Cir. 2006); *Noviello v. City of Boston*, 398 F.3d 76, 91 (1st Cir., 2005); *Stutler v. Ill Dep't of Corrs.*, 263 F3d 698, 703 (7th Cir. 2011); *Ray v. Henderson*, 217 F.3d 1234, 1245-46 (9th Cir., 2000); *Richardson v. New York State Dep't of Corr. Serv.*, 180 F.3d 426, 446 (2d Cir. 1999); *Gunnel v. Utah Valley State Coll.*, 152 F.3d 1253, 1265 (10th Cir. 1998); *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 366 (4th Cir. 1985) (see generally, *Scott v. City of Sioux City, IA*, 68 F.Supp.3d 1022 (N.D. IA, 2014).

Plaintiff has yet to plead a retaliatory hostile work environment claim under Title VII for the reasons noted in the preceding paragraph. Plaintiff was unable to locate a Nebraska case dealing with a retaliatory hostile work environment under the Nebraska Fair Employment Practices Act; however, since state claims are commonly analyzed pursuant to Title VII due to the similarity in the statutes, Plaintiff's claim arising under state law should not be dismissed.

Plaintiff has attempted to articulate her legal claims in specific, separate causes of action. There is no "maneuver" being attempted here. Only a simple pleading which identifies Plaintiff's specific, separate claims.

## CONCLUSION

Plaintiff respectfully requests that Defendant's Motion to Dismiss be denied. In the event the Court deems Plaintiff's first amended complaint deficient, Plaintiff respectfully requests that she be granted leave to file a second amended complaint to cure any pleading deficiencies.

FOR:   MAKAYLA MACLIN, PLAINTIFF

BY:    s/Kathleen M. Neary
Kathleen M. Neary   NSBA 20212
VINCENT M. POWERS & ASSOCIATES
411 South 13th Street, Suite 300
Lincoln, NE  68508
(402) 474-8000

CERTIFICATE OF SERVICE

The undersigned certifies that on the 24th day of March, 2016, she filed the above and foregoing with the Clerk of the United States District Court using the CM/ECF case filing system which sent notice to all counsel of record.

s/Kathleen M. Neary
Kathleen M. Neary   NSBA 20212