IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MAKAYLA MACLIN, | ) | |
| | ) | |
| Plaintiff, | ) | 8:16CV75 |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM** |
| CITY OF OMAHA, NEBRASKA, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff, an African-American female who is employed as an Assistant City Attorney for the City of Omaha, Nebraska ("the City"), filed this action against the City under the Nebraska Fair Employment Practices Act ("NFEPA"), Neb. Rev. Stat. §§ 48-1101 to 48-1125; 42 U.S.C. §§ 1981 and 1983; and Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e to 2000e-17, as amended. The City has filed a motion to dismiss portions of Plaintiff's second amended complaint pursuant to Fed. R. Civ. P. 12(b)(6). (Filing 17.)

## I. CLAIMS & FACTUAL ALLEGATIONS

Plaintiff brings the following claims:

| | |
|---|---|
| Count I | Discrimination—Race<br>NFEPA, Title VII, §§ 1981 & 1983 |
| Count II | Hostile Working Environment—Race<br>NFEPA, Title VII, §§ 1981 & 1983 |
| Count III | Discrimination—Gender<br>NFEPA, Title VII |
| Count IV | Hostile Working Environment—Gender<br>NFEPA, Title VII |

| | |
|---|---|
| Count V | Discrimination—Gender Plus Race or Race Plus Gender<br>NFEPA, Title VII |
| Count VI | Hostile Working Environment—Gender Plus Race or Race Plus Gender<br>NFEPA, Title VII |
| Count VII | Retaliation<br>NFEPA, Title VII, §§ 1981 & 1983 |
| Count VIII | Retaliatory Hostile Working Environment<br>NFEPA, Title VII, §§ 1981 & 1983 |

(Filing 16, Second Amended Complaint.)

Plaintiff alleges that the following events occurred during her City employment, and that such events form the basis for her claims:

| | |
|---|---|
| Aug. 2004 | Plaintiff began her employment with the City of Omaha. |
| Feb. 2009 | After Plaintiff filed a complaint of discrimination against a white co-worker, the City failed to conduct annual performance evaluations of Plaintiff. The City failed to advise Plaintiff of the status of her complaint or the City's findings, and the "unlawful conduct has continued throughout Plaintiff's tenure of employment." |
| Oct. 2011 | Plaintiff "was prohibited" from applying for a promotion to Senior Attorney, in violation of City policy and despite the fact she was qualified for the position. |
| Late 2012-Early 2013 | Plaintiff took maternity leave and was required to meet substantially more stringent conditions than at least one similarly situated white female employee who also took maternity leave. The City required Plaintiff to take FMLA leave, use 480 hours of |

2

sick leave, submit leave slips for all leave taken, and attend a work meeting while on leave.

After Plaintiff took maternity leave, City managerial employees "repeatedly asked Plaintiff if she is pregnant and/or if she is planning on becoming pregnant." Such questions have "continued through the present." City managerial employees have stated that "women should not be hired as they may get pregnant" and have referred to women as "uterus factories."

Plaintiff was assigned to the worst courtroom, and after she returned from FMLA leave, her child-abuse assignment was permanently given to a white, male employee.

| | |
|---|---|
| Feb. 2014 | Plaintiff's application for a promotion to Senior Attorney was rejected in favor of a white employee. |
| June 2015 | Plaintiff was denied promotions to Chief Deputy City Prosecutor and First Assistant—positions which were given to a white female and white male, respectively. These promotions were made without interviews, contrary to City hiring practices, and Plaintiff had more job experience and longer tenure with the City than those who were promoted. |
| | Plaintiff submitted a written complaint of discrimination and retaliation to the City's human resources department. |
| Late 2015 | Plaintiff applied for another position with the City, but she was not hired, despite the fact that she was qualified for the job. |
| 2004-2016 | Plaintiff's work performance was satisfactory. |
| | Since 2009, Plaintiff "[o]n numerous occasions" has made verbal and written complaints of discriminatory and retaliatory conduct to City management and/or human resources personnel, but the offending conduct has continued. Plaintiff alleges that such conduct "has been sufficiently patterned and/or pervasive." White employees, male employees, and employees who did not engage |

|  |  |
|---|---|
|  | in protected activity were treated more favorably than the Plaintiff. |
|  | Plaintiff was told she was hired only because of her race; managerial employees were upset with the hiring of another African-American employee; such employees "repeatedly asked" Plaintiff if she was related to African-American criminal defendants; and City employees made frequent racist and offensive remarks during meetings that Plaintiff attended, including the statement that a criminal defendant must be Native American because his blood-alcohol level was so high. |
| Unspecified Time: | One of the City's African-American employees was given the book "Nigger" by a co-worker, and that co-worker "replayed racist voicemails to members of the defendant's staff and utilized racist and offensive slurs in referring to persons of Asian descent." |
|  | Plaintiff had to buy and assemble her own office chair; City management directed her to remain in her office if she was not in court; Plaintiff was stripped of her special assignments; and City management chastised Plaintiff in front of fellow employees. |

## II. STANDARD OF REVIEW

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. This "plausibility standard" is not one of *probability*, "but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. Where a complaint contains facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Twombly*, 550 U.S. at 557 (brackets omitted).

4

"Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 678.

### III. DISCUSSION

Defendant City of Omaha asserts that portions of Plaintiff's second amended complaint must be dismissed for several reasons, each discussed in turn below.

### A. Statute of Limitations on § 1983 Claims

The City first argues that Plaintiff's § 1983 claims arising before September 30, 2011[1], are barred by Nebraska's four-year personal-injury statute of limitations. Neb. Rev. Stat. § 25-207 (Westlaw 2016); *Miller v. Norris*, 247 F.3d 736, 739 (8th Cir. 2001) (§ 1983 claims are governed by personal-injury statute of limitations of the state where the claim arose).

Plaintiff implies that the continuing violation doctrine might be applicable here. (Filing 19, Pl.'s Br. Opp'n Def.'s Mot. to Dism. at CM/ECF p. 4 ("Plaintiff has been discriminated against for many, many years during her tenure of employment as an Assistant City Attorney for the City of Omaha, Nebraska.").) However, while the continuing violation doctrine may be used to toll the statute of limitations in the

---

[1] Plaintiff originally filed this action on September 30, 2015, in the Douglas County District Court. The suit was removed to this court on February 16, 2016.

context of employment disputes, the doctrine is not applicable to § 1983 claims. *Montin v. Gibson*, No. 4:08CV3082, 2009 WL 5034044, at *2 (D. Neb. Dec. 14, 2009); *Poor Bear v. Nesbitt*, 300 F. Supp. 2d 904, 913 (D. Neb. 2004). Plaintiff does not argue that the four-year statute of limitations should be tolled for any other reason.

Therefore, I shall grant the City's motion to dismiss as to Plaintiff's § 1983 claims that arose before September 30, 2011, because such claims are barred by the applicable statute of limitations.

### B. Timely Filing of Title VII and NFEPA Claims

The City next asserts that under Nebraska's statute of limitations for employment-discrimination claims, written charges of NFEPA violations must be filed within 300 days of the occurrence of the unlawful employment practice. Neb. Rev. Stat. § 48-1118(2) (Westlaw 2016). The City maintains that because Plaintiff filed her charge of discrimination with the NEOC/EEOC on September 18, 2015, any claim arising before September 13, 2014, is not cognizable under the NFEPA or under Title VII, which has a 180-day filing requirement.[2] 42 U.S.C. § 2000e-5(e)(1). The City argues that the only claims that are timely under the 300-day rule are those based on the events that occurred in 2015. (Filing 16, Second Amended Complaint ¶¶ 18-20.)

I shall deny, without prejudice, the City's motion to dismiss some of Plaintiff's Title VII and NFEPA claims for failure to timely file a charge of discrimination because Plaintiff has not attached a copy of her NEOC/EEOC charge of discrimination to her second amended complaint such that a date of filing can be

---

[2]The court is confused by the City's argument because September 13, 2014, to September 18, 2015, is not 300 days.

6

determined.[3]  "The filing of a timely charge with the EEOC is not a jurisdictional prerequisite to a suit in federal court," but "it is a condition precedent and, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." *Dorsey v. Pinnacle Automation Co.*, 278 F.3d 830, 835 (8th Cir. 2002) (internal quotation marks and citation omitted); *Germany v. Moonrise Hotel*, No. 4:13CV1208, 2013 WL 5442748, at *1 (E.D. Mo. Sept. 30, 2013) (noting that Plaintiff's failure to attach EEOC charge of discrimination to complaint prevented court from determining whether Plaintiff exhausted her administrative remedies as to claims she brought in court).

Therefore, I shall deny the City's motion to dismiss on this ground without prejudice to raising the issue on summary judgment, and I shall grant Plaintiff leave to attach to her third amended complaint her NEOC/EEOC charge of discrimination and right-to-sue letter.

## C.  § 1983 Claims in General

The City next submits that Plaintiff's § 1983 claims must be dismissed because she fails to identify the constitutional or federal statutory violations that underlie such claims.  A § 1983 claim requires a plaintiff to allege a violation of rights protected by the United States Constitution *or* created by federal statute. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). However, a plaintiff may not use a violation of Title VII as a basis for a § 1983 claim. *Henley v. Brown*, 686 F.3d 634, 641 (8th Cir. 2012) (plaintiff may not assert violations of rights created by Title VII as basis for § 1983 claim; however, § 1983 may be used to vindicate "rights independently conferred by the Constitution").

---

[3]Plaintiff's second amended complaint only alleges that she filed suit in state court "during the pendency of the NEOC administrative action." (Filing 16, Second Amended Complaint ¶ 5.)

The Equal Protection Clause of the Fourteenth Amendment confers a right to be free from racial discrimination in employment, which is "committed with a discriminatory racial purpose." *Henley*, 686 F.3d at 641 (internal quotation marks and citation omitted). However, Plaintiff has not specifically identified this clause—or any other—as the source of her § 1983 claims. I shall grant Plaintiff leave to do so, and I shall deny without prejudice the City's motion to dismiss on this ground.

**D.  § 1983 Municipal Liability**

The City argues that Plaintiff's § 1983 claims against it must be dismissed because the plaintiff failed to allege the existence of a policy, practice, or custom that caused the violation of Plaintiff's rights. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978) ("it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983").

The City is correct about the pleading requirements to state a § 1983 claim against a municipality. *Atkinson v. City of Mountain View, Mo.*, 709 F.3d 1201, 1214 (8th Cir. 2013) (city could be liable under § 1983 for constitutional violation only if violation resulted from official municipal policy, unofficial custom, or deliberately indifferent failure to train or supervise); *Davison v. City of Minneapolis*, 490 F.3d 648 (8th Cir. 2007) (city could be liable under § 1983 for fire chief denying plaintiff's promotion in retaliation for plaintiff's exercise of First Amendment rights only if one of city's customs or policies caused the violation of plaintiff's constitutional rights); *Uland v. City of Winsted*, 570 F. Supp. 2d 1114, 1119 (D. Minn. 2008) (dismissing § 1983 claim against city for plaintiff's failure to allege that violation of constitutional rights occurred pursuant to a custom, practice, or official policy by the municipality) (citing *Springdale Educ. Ass'n v. Springdale Sch. Dist.*, 133 F.3d 649, 651 (8th Cir.1998)).

While it is conceivable that Plaintiff's description of several instances of discrimination and retaliation she experienced over many years while working for the City is an attempt to allege a "custom" or "practice" that could serve as a basis for the City's § 1983 liability, Plaintiff's second amended complaint does not clearly allege this. I shall grant Plaintiff leave to make such allegations, and I shall deny the City's motion to dismiss on this basis without prejudice to reassertion in a properly supported motion for summary judgment.

**E. § 1983 Retaliation Claim**

Finally, the City urges dismissal of Plaintiff's § 1983 retaliation claims because Title VII provides the exclusive remedy for claims of retaliation. (Filing 18, Br. Supp. Mot. Dism. at CM/ECF p. 6.)

It is true that 42 U.S.C. § 2000e-3(a)[4] of Title VII may not serve as the basis for a retaliatory discharge claim in a § 1983 action, but § 1983 *does* "provide[] a vehicle for redressing claims of retaliation on the basis of the First Amendment." *Burton v. Arkansas Sec'y of State*, 737 F.3d 1219, 1236 (8th Cir. 2013) (internal quotation marks, emphasis, and citation omitted) (stating that "claims based on the allegation that [plaintiff] was treated differently in retaliation for his speech are, at their core, free-speech retaliation claims . . . ."; "The right to be free from retaliation is clearly established as a first amendment right and as a statutory right under Title VII . . . ." (internal quotations and citations omitted)); *Tyler v. Univ. of Ark. Bd. of Trs.*, 628 F.3d 980, 986 (8th Cir. 2011) (explaining that "[a]lthough section 704(a) of Title VII may not be the basis for a retaliatory discharge claim in a § 1983 action, § 1983 provides

---

[4]Section 2000e-3(a) of Title VII provides that an employer may not "discriminate against any of his employees or applicants for employment . . . because he has opposed any practice made an unlawful employment practice by [Title VII], or because he has made a charge [of discrimination] . . . under [Title VII]."

9

a vehicle for redressing claims of retaliation on the basis of the First Amendment") (internal quotation marks and citation omitted).

Further, "[t]he Supreme Court has explained that it is 'well embedded' that § 1981 also allows for retaliation claims," *Ellis v. Houston*, 742 F.3d 307, 319 (8th Cir. 2014) (quoting *CBOCS W., Inc. v. Humphries*, 553 U.S. 442, 451 (2008)), and such claims "are analyzed under the same *McDonnell Douglas* burden shifting framework as Title VII claims." *Id*. In short, "employers cannot lawfully retaliate against an employee based on race and . . . § 1981 provides a cause of action for any employee experiencing such retaliation." *Id*. at 325. *See also DePriest v. Milligan*, 823 F.3d 1179, 1185-86 (8th Cir. 2016) (noting that retaliation claims brought under § 1983 (First Amendment) and state civil rights act are analyzed under "the same framework as claims of retaliation under Title VII"); *Butler v. Crittenden Cty., Ark.*, 708 F.3d 1044, 1050-51 (8th Cir. 2013) (retaliation claim under § 1981 and First Amendment claim under § 1983 require plaintiff to "establish a prima facie case of retaliation by showing that (1) she engaged in protected activity, (2) she suffered an adverse employment action, and (3) a causal connection existed between the two").

Plaintiff has clearly alleged facts plausibly suggesting that she was subject to several instances of discrimination and retaliation in her workplace after she exercised her First Amendment right to make numerous verbal and written complaints of discriminatory and retaliatory conduct to City management and human-resources personnel. However, as with her potential equal-protection claim, Plaintiff has failed to explicitly state that her § 1983 retaliation claim is based on the First Amendment. I shall deny the City's motion to dismiss Plaintiff's § 1983 retaliation claims without prejudice to reassertion on summary judgment, and I shall grant Plaintiff leave to file a third amended complaint to identify the constitutional basis for this claim.

Accordingly,

IT IS ORDERED:

The City's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (Filing 17) is granted in part and denied in part as follows:

1. The City's motion to dismiss Plaintiff's § 1983 claims that are based on events that occurred before September 30, 2011, is granted because such claims are barred by the applicable statute of limitations. Accordingly, the following claims, insofar as they are based on 42 U.S.C. § 1983 and on instances of discrimination, retaliation, and creation of a hostile work environment *before September 30, 2011*, are dismissed under Fed. R. Civ. P. 12(b)(6): Count I (Race Discrimination); Count II (Hostile Working Environment Based on Race); Count VII (Retaliation); and Count VIII (Retaliatory Hostile Working Environment);

2. The City's motion to dismiss some of Plaintiff's Title VII and NFEPA claims for failure to timely file a charge of discrimination is denied without prejudice to raising the issue on summary judgment, and Plaintiff is directed to attach a copy of her NEOC/EEOC charge of discrimination and right-to-sue letter to her third amended complaint;

3. The City's motion to dismiss Plaintiff's § 1983 claims for failure to identify the constitutional or federal statutory violations that underlie such claims is denied without prejudice, and Plaintiff is granted leave to file a third amended complaint to identify the constitutional violation on which her § 1983 claims are based;

4. The City's motion to dismiss Plaintiff's § 1983 claims for failure to allege the existence of a policy, practice, or custom that caused the violation of Plaintiff's rights is denied without prejudice to reassertion in a properly supported motion for summary judgment. Plaintiff is granted leave to file a third amended complaint to allege the existence of

a policy, practice, or custom that caused the violation of Plaintiff's rights;

5. The City's motion to dismiss Plaintiff's § 1983 retaliation claims is denied without prejudice to reassertion on summary judgment, and Plaintiff is granted leave to file a third amended complaint to identify the constitutional basis for this claim.

6. Plaintiff shall file a third amended complaint no later than 5:00 PM on September 20, 2016. **The failure to file a third amended complaint in a timely fashion may result in the dismissal of the entire case without further notice.**

DATED this 18th day of August, 2016.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge